SEXTON & SON v. STOVER *et al.*

*Appeal from Dallas District Court — Saturday, April 22.*

CONTRACT — VENDOR AND VENDEE.

</div>

THE plaintiffs filed their petition claiming of the defendants $3,000 damages for a willful trespass in entering upon certain lands of plaintiffs (describing them), and removing therefrom, and converting to their own use, a large amount of valuable timber. The defendants, in their answer, set up an equitable title to the land, in themselves, and make

the same a cross-petition, and ask therein to have their title quieted, etc. Trial by the first method as to the cross-petition, and title quieted in defendant Wilson as to one undivided half of the land. The plaintiffs appeal.

*J. R. Reed* for the appellants — *W. H. McHenry* for the appellees.

COLE, J. — The pleadings and evidence in this case show that the plaintiffs, who were partners, purchased at tax sales in Dallas county a large quantity of lands, among which were the lands in controversy, and had obtained treasurer's deeds therefor. That in March, 1866, John Worford, a land agent in Dallas county, wrote to the plaintiff, Pliny Sexton, inquiring whether he would sell by quitclaim the land in controversy, it being 120 acres in section 2, township 81, range 26; and stating that "a man living in section 1 would like to buy it for pasture, etc., and would be willing to pay $2.00 or $2.50 per acre for the tax title; and asking "will you state a price at which you will give me the refusal of it for a period of thirty days?" The plaintiff, Pliny Sexton, answered the letter promptly, stating, *inter alia,* "our price is $3.00 per acre, $100 down, and the balance in one or two years, with ten per cent interest." Further correspondence ensued, resulting in the acceptance by Worford of the plaintiffs' offer to sell at $3.00 per acre, and an agreement to pay all cash, and take a deed at once. As soon as the contract was concluded, Worford sold the land to defendant Wilson, under whom the other defendants hold, and Wilson at once entered into possession.

Some delay occurred in the payment of the consideration and delivery of the deed, growing out of the fact that plaintiffs refused to send the deed to a banker in Adel, to be delivered upon the payment to to him of the consideration; but required Worford to send the purchase-money to a banker in Palmyra, N. Y., where the plaintiff resided, to be paid over upon the delivery of the deed. The consideration was sent to the Palmyra banker, pursuant to plaintiffs' direction. In the mean time the other member of the firm, the son, Pliny S. Sexton, who had been absent from home, returned, and he informed his father and partner that the land in controversy was timber land, and worth largely more than $3.00 per acre, and thereupon they refused to deliver the deed and returned the money to Worford.

During these delays, and before this suit was brought, Wilson, and others claiming under him, had cut much of the timber off the land. The defendant offered to pay the purchase price, as agreed by Worford. The district court compelled the plaintiffs to accept one-half the price and convey an undivided half of the land. It is very clear to us, upon the plaintiffs' own personal testimony, that there was a completed contract of sale to Worford, and there is no showing of any fraud or deception sufficient to vitiate it. If the court had ordered the plaintiffs to accept the whole consideration and to convey

the entire tract of land, we do not see that the plaintiffs could, even then, have had any ground of complaint; since the contract, though made by only one member of the firm, was, under the evidence in the case, equally binding upon both. Surely, there was no error to the prejudice of the plaintiffs.

Affirmed.